**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH WILLIS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENTERPRISE DRILLING FLUIDS, INC., et al.,<br><br>        Defendants. | Case No.: 1:15-CV-0688 JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline:  6/3/2016<br><br>Initial Disclosures: 2/5/2016<br><br>Discovery Deadlines:<br>    Non-Expert: 2/3/2017<br>    Expert: 4/14/2017<br><br>Dispositive Motion Deadline (Drilltek's Motion):<br>    Filing: 3/18/2016<br>    Opposition: 7/1/2016<br>    Reply: 7/22/2016<br>    Hearing:  8/12/2016 |

**I.**     **Date of Scheduling Conference**

February 1, 2016.

**II.**     **Appearances of Counsel**

Peter Dion-Kindem appeared on behalf of Plaintiff.

Ravpreet Bhangoo appeared on behalf of Defendant, Enterprise Drilling Fluids, Inc.

John Szewczyk and Derek Havel appeared on behalf of Defendant, Drilltek, Inc.

///

**III.    Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **June 3, 2016**.

**IV.    Discovery Plan and Cut-Off Date**

The parties SHALL exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1), no later than **February 5, 2016**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **February 3, 2017**, and all discovery pertaining to experts[1] on or before **April 14, 2017**.

The parties are directed to disclose all expert witnesses, in writing, on or **February 24, 2017**, and to disclose all rebuttal experts on or before **March 17, 2017**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A further scheduling status conference is scheduled for **April 21, 2017** at 9:00 a.m. before the

---

[1] In the event Drilltek's dispositive motion regarding joint employment is granted, the expert discovery SHALL include all issues. If it is not granted, expert discovery is limited to class issues only with merits issues discovered only if Plaintiff is successful in certifying a class.

Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse located at 510 19th Street, Bakersfield, California. Counsel SHALL file a joint status conference report, carefully prepared and executed by all counsel, one week before the conference. The report SHALL detail the status of the matter and propose dates for the completion of the case. The report SHALL also be e-mailed, in Word format to, JLTorders@caed.uscourts.gov. Counsel may appear by telephone via the CourtCall service, provided a written request is made to the Courtroom Clerk at least five court days before the noticed hearing date.

### V.     Pre-Trial Motion Schedule

No written discovery motions shall be filed without the prior approval of the Court. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Court. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties SHALL contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Court may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by CourtCall, provided a written request is made to the Courtroom Clerk no later than five court days before the noticed hearing date.

### VI.    Motions for Summary Judgment or Summary Adjudication

Drilltek Inc.'s dispositive motion SHALL be filed no later than **March 18, 2016.** The Opposition SHALL be filed no later than **July 1, 2016** and the reply filed no later than **July 22, 2016**. The hearing on the motion is set on **August 12, 2016** at 8:30 a.m., before the Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse in Bakersfield, California.

**At least 10 days before** filing a motion for summary judgment or motion for summary

adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and, 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete[2], proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

## VII.   Depositions

Plaintiff **SHALL** submit to a deposition within 30 days.[3] Plaintiff will be prepared to be fully examined by all defendants on all issues and counsel for defendants **SHALL** be prepared to fully examine him. Only if later discovery reveals topics for examination that were not known at the time of the original deposition, will the Court permit a second deposition.

Drilltek may produce deponents prepared to testify only as to the issues it raises in its dispositive motion. However, Drilltek will be obligated to produce these witnesses without further order of the Court for a second deposition on other issues, if noticed by Plaintiff or other defendants, in the event its dispositive motion is not successful.

---

[2] The Court appreciates that Plaintiff's lack of discovery may hamper this effort. Thus, though Plaintiff SHALL make best efforts to "dispute" or "undisputed" each proposed fact, Plaintiff may also indicate "Unknown, discovery is ongoing" where needed. In this event, Plaintiff SHALL file a statement of facts with his opposition that addresses the facts for which he noted "Unknown, discovery is ongoing" in the joint statement.

[3] This order does not relieve Drilltek of the obligation to properly notice this deposition.

**VIII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**IX.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.**  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 1, 2016**             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE