SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
CHARLES F. BARKER, Cal. Bar No. 70076
cbarker@sheppardmullin.com
DEREK R. HAVEL, Cal. Bar No. 193464
dhavel@sheppardmullin.com
MATTHEW A. TOBIAS, Cal. Bar No. 271291
mtobias@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

CLIFFORD & BROWN
  A Professional Corporation
   Attorneys at Law
GROVER H. WALDON, ESQ. - SBN 111206
JOHN R. SZEWCZYK, ESQ. - SBN 109981
Bank of America Building
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
Tel: (661) 322-6023   Fax: (661) 322-3508

Attorneys for DRILTEK, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE DRILLING FLUIDS, INC.; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:15-CV-00688 JLT<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**<br><br>**(Doc. 61)** |

# STIPULATION RE CONFIDENTIAL INFORMATION

This Joint Stipulation is entered into by and between Plaintiff Kenneth Willis ("Willis") and Defendants Enterprise Drilling Fluids, Inc. ("Enterprise") and Driltek, Inc. ("Driltek"), (each individually referred to as a "Party" and collectively referred to as the "Parties") based on the fact that discovery in this case will result in the production and exchange of documents and other information that either constitutes or reveals the Parties' trade secrets and other confidential and/or proprietary information.

IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record and pursuant to FED. R. CIV. P. 26(c) and 29, that discovery of confidential information shall be had on the following terms and conditions:

A.   DEFINITIONS

1.   As used herein, the term "confidential" information means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party contends would cause harm to the disclosing party's business operations or interests, which could include, but would not be limited to, contracts, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee personnel information, sales records, inventory sheets, and business strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CALIFORNIA CIVIL CODE § 3426.1(d)) or other confidential research, development, or commercial information

and the disclosure of which would result in competitive harm, and for which the designating party has taken reasonable measures to maintain their confidential, non-public status; and (d) information subject to federal or state privacy rights.

2.  As used herein, the term "attorneys' eyes only" means information or material that qualifies as "Confidential" information and that a Party further reasonably believes in good faith is of such a highly proprietary and/or sensitive nature that its disclosure should be limited strictly to outside attorneys who have appeared in this action, and independent experts.

3.  As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in FED. R. CIV. P. 34(a) and FED. R. EVID. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

B.  DESIGNATION OF CONFIDENTIAL INFORMATION

1.  This Protective Order applies to all discovery responses, documents, testimony, and other materials containing confidential information disclosed in this action that are designated by a party or any third party as CONFIDENTIAL or ATTORNEYS' EYES ONLY, in the manner described below, whether such disclosure is by order of the Court, by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, response to a subpoena, or any other

discovery undertaken in this action.

2.  A party that provides information may designate it as "confidential" or "attorneys' eyes only" only when such party in good faith believes it contains information that merits such designation.  A party designating information as confidential or attorneys' eyes only should take reasonable care to designate only that information, documents, items or oral or written communications that the party reasonably believes to qualify for protection.  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that party or non-party should promptly notify all other parties that it is withdrawing the mistaken designation.

Any party may protect information it believes constitutes confidential information by designating such information as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time of disclosure of such information.  Such designation shall be accomplished by placing the notation CONFIDENTIAL or ATTORNEYS' EYES ONLY (or some essentially equivalent notation equivalent) on every page of each document or portion thereof so designated.  In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the confidential information contained therein.

3.  Except as set forth in this Protective Order, designated confidential or attorneys' eyes only information shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media.

Information so designated shall not be disclosed to anyone other than those persons permitted by the Protective Order, except as may be ordered by the Court or agreed to in writing by the producing party.  If any information designated by a party as CONFIDENTIAL or ATTORNEYS' EYES ONLY is thereafter used by a party to which it has been produced or disclosed as part of a paper filed or lodged with the Court in this action or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated confidential information.

4. The Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are (a) not entitled to such designation, or (b) are generally available to the public.

5. The terms of this Protective Order shall not apply to or restrict the disclosure or use by a producing party or its counsel of the producing party's own confidential information.  The voluntary disclosure of confidential information by a producing party, however, may provide grounds for an opposing party to challenge the confidential designation of the same information pursuant to Section E, below.

6. A party serving a subpoena or demanding discovery from any third party shall serve a copy of this Protective Order on the third party concurrently with the subpoena or discovery demand.

C. DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION

1. The Parties, counsel for the Parties, and all persons to whom confidential information is disclosed under the terms of this Protective Order shall

maintain all designated confidential and attorneys' eyes only information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

2.  Access to information designated as CONFIDENTIAL or shall be limited to the following persons:

   a.  The attorneys for the Parties (including both outside counsel and in-house counsel) and their support personnel (*e.g.*, legal assistants and copy services);

   b.  Current and former employees of the Parties involved in the prosecution or defense of the litigation, and to whom disclosure of the confidential information is reasonably necessary for the purposes of this litigation;

   c.  The Court and court personnel of any court having jurisdiction over any proceedings involved in this litigation;

   d.  Court reporters, videographers, and their staffs to whom disclosure is reasonably necessary for the purposes of this litigation;

   e.  Consultants and experts, who execute the Declaration Confirming Compliance With Stipulated Protective Order Re Confidential Information ("Compliance Declaration") attached to this Protective Order;

   f.  Any current employee, director, agent or FED. R. CIV. P. 30(b)(6) designee of the producing party;

   g. Any former employee of a producing party, who executes the Compliance Declaration, that the disclosing party reasonably and in good faith believes authored, received, or became familiar with the confidential information in the ordinary course of his or her employment by the designating party;

   h. Any author, original source, or prior recipient of the confidential information;

   i. Deposition witnesses who execute the Compliance Declaration attached to this Protective Order;

   j. Any other person or entity as to whom the Parties agree in writing; and

   k. Any other person as to whom the Court orders should have access to the confidential information.

  3. Access to information designated as ATTORNEYS' EYES ONLY or shall be limited to the following persons:

   a. The Court and Court personnel, including court reporters, stenographers, and video reporters who are retained to transcribe or videotape testimony, including depositions, in the action;

   b. The Parties' outside counsel of record in the action and those employees or agents of the Parties' counsel of record who need to see such "Attorneys' Eyes Only Material" in order to perform their jobs, including the

paralegal, clerical, secretarial staff, and other support personnel employed or engaged by such counsel;

   c. Experts or consultants (together with their clerical staff), who have signed "Exhibit A" attached hereto, who are not employees of any Party and who are retained or employed by any Party solely for the purpose of assisting counsel in the prosecution, defense, or settlement of this action, to the extent counsel of record in good faith believe such disclosure is required to assist in the prosecution, defense or resolution of this litigation on a need-to-know basis;

   d. Any person who prepared the "Attorneys' Eyes Only Material";

   e. Mediators retained by all parties in an attempt to settle this matter;

   f. Persons who appear on the face of "Attorneys' Eyes Only Material" as an author, addressee or recipient thereof

   g. Witnesses employed by the Party designating the "Attorneys' Eyes Only Material";

   h. Any other person who has signed "Exhibit A" attached hereto and to whom the Parties have agreed in writing or on the record; and

   i. Any insurer for a Party who has signed "Exhibit A" attached hereto.

        4.     A copy of any Compliance Declaration (Exh. A) executed by any person required under this Protective Order shall be maintained by counsel for the party making the disclosure of another party's designated confidential information.

D.    DEPOSITIONS

        1.     With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or video operator shall be informed of this Protective Order by the party seeking to use or disclose the confidential information.  The reporter and/or video operator then shall place on the cover of any deposition transcript or video that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER."  Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or video designated CONFIDENTIAL from being disclosed to any person, except as provided in this Protective Order.

        2.     All testimony at a deposition shall be presumed to be designated CONFIDENTIAL if this Protective Order is invoked at the deposition until the specific pages of the transcript containing designated confidential information are identified and designated CONFIDENTIAL as provided below.  The designating party shall, within thirty (30) days after receiving a copy of the deposition transcript, provide all Parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL.  Only pages containing confidential information shall be so designated.

-8-

3.      If designated confidential information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.  If designated confidential information is to be discussed or disclosed at a hearing or at trial, the Parties may request that the Court exclude from the courtroom any person who is not entitled to receive such confidential information during that portion of the hearing or trial in which the confidential information is actually discussed or disclosed.

E.    CHALLENGING A DESIGNATION

1.      The Parties agree that they will actively work to avoid the unnecessary designation of information produced in discovery in this action.  If only a portion of a document contains confidential information, and if reasonably feasible, only that portion will be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

2.      In the event that counsel for any party at any time believes that designated confidential information should not be so designated, such counsel shall meet and confer with counsel for the other party in an attempt to resolve the dispute.

3.      If counsel for the Parties are unable to resolve the dispute, then counsel objecting to the designation of particular information as CONFIDENTIAL or ATTORNEYS' EYES ONLY may make an application to this Court, to be lodged conditionally under seal, for an Order that the information subject to the dispute be excluded from the protection of the Protective Order.  However, unless and until an order of this Court sets aside a designation of information as

CONFIDENTIAL or ATTORNEYS' EYES ONLY, all information so designated shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.

4. The designating party bears the burden of establishing that the documents designated are entitled to protection.

5. No party shall be obliged to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

F. INADVERTENT FAILURE TO DESIGNATE

1. The inadvertent failure to designate confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL or ATTORNEYS' EYES ONLY after such disclosure.

2. In the event that confidential information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY after disclosure, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, pursuant to the terms of this Protective Order.

3. Should any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such

materials under this Protective Order, then the disclosing party shall immediately procure the return of the material, and inform counsel for the designating party whose confidential information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.  The disclosing party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

G.   CUSTODY AND DISPOSITION OF CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION

   1.   Confidential information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be maintained in the custody of counsel for the Parties, except for information in the custody of:  (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) persons to whom the confidential information may be disclosed pursuant to the terms of the Protective Order, including consultants and experts, to the extent necessary for their involvement in the litigation.  Except for the Court, a person with custody of information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

   2.   Unless agreed otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the Parties, counsel for the Parties, and all persons who executed the Compliance Declaration agree that they will destroy or return to the producing party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party.  Notwithstanding the foregoing,

-11-

counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth above.

H.     MISCELLANEOUS PROVISIONS

1.     The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations, mediations, and proceedings upon remand, unless the matter proceeds to trial.  The Parties will work with the Court to determine whether evidence proffered at trial should continue to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and, if so, what protection, if any, may be afforded to such information at trial.

2.     A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by the Parties. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the producing parties stipulate that designated confidential information may be disclosed.

3.     By entering into this Protective Order, no party waives any objections it might have to the production of documents covered by this Protective Order.

4.     No party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL or ATTORNEYS' EYES

ONLY, or by acquiescing in any other party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

5.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate.  The Parties, and any producing party, reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information.

I. FILING OR LODGING UNDER SEAL

1.  When a party wishes to include information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in any papers filed with the Court, the party submitting the information shall submit the information "UNDER SEAL" and shall make a motion to the Court seeking to seal same pursuant to the procedures set forth in Eastern District Local Rule 141.

2.  Where the filing party is not the Designating Party and is not seeking to have the record containing such information sealed, the party shall lodge the materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the Court in a sealed envelope labeled "CONDITIONALLY UNDER SEAL."  The filing party shall also affix to the sealed envelope a cover sheet that contains the case caption and states that the enclosed record is subject to a motion to file the record under seal.  Any affected party or non-party may then file a motion to seal, pursuant to the procedures set forth in Eastern District Local Rule 141, subsection j,

within fifteen (15) business days after the document(s) are provided to the Court. Such document(s) will not be filed with the Clerk of Court until the Court rules on the motion to seal. If no party or non-party files a motion to seal, the document(s) will be filed, unsealed, after the expiration of fifteen (15) business days.

3. Where one party wishes to file or lodge any documents or things with the Court under seal, the other party shall not unreasonably withhold agreement to such filing or lodging under seal. If such agreement is provided, the Parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal. If no such agreement is provided, then the filing or lodging party shall submit an application and proposed order to the Court pursuant to the procedures set forth in Eastern District Local Rule 141.

J.   GOOD CAUSE STATEMENT

Pursuant to FED. R. CIV. P. 26(c), good cause exists for entry of this Protective Order because the Parties to this action (1) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or dissemination of such information could cause them business or commercial injury, (3) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (4) have agreed to such means as set forth herein.

1 | Dated: July 27, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Matthew A. Tobias
———————————————
CHARLES F. BARKER
DEREK R. HAVEL
MATTHEW A. TOBIAS
Attorneys for Defendant
DRILTEK, INC.

THE DION-KINDEM LAW FIRM

Dated: July 27, 2016

By  /s/ Peter Dion-Kimden
———————————————
Peter R. Dion-Kindem
Attorneys for Plaintiff
KENNETH WILLIS

LAW OFFICES OF LEBEAU • THELEN, LLP

Dated: July ___, 2016

By  /s/ Kelly A. Lazerson for
———————————————
Daniel K. Klingenberger
Ravpreet K. Bhangoo
Attorneys for Defendant
ENTERPRISE DRILLING FLUIDS, INC.

-15-

SMRH:478303559.1    STIPULATION AND PROTECTIVE ORDER

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated:   **August 11, 2016**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

# **DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

I, _____, hereby declare:

1. My address is _____. My telephone number is (_____) _____ - _____.

2. I have read, understand and agree to be bound by the terms of the Stipulated Protective Order Re Confidential Information ("Protective Order"), entered in this action, *Kenneth Willis v. Enterprise Drilling Fluids, Inc., et al.* Case No. 1:15-CV-00688- TLN-JLT, in the United States District Court, Eastern District of California.

3. I understand that this Protective Order requires me not to disclose any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", which is provided to me in the course of my involvement in this litigation, to any person not authorized by this Protective Order to receive such information.

4. I agree that I shall return or destroy all documents containing any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that have been provided to me, together with any work product including such information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", upon demand by the Court or the counsel or party who furnished such information to me.

5. I consent to the jurisdiction of the United States District Court for the Eastern

1  District of California with respect to any actions of any kind whatsoever relative to
2  the enforcement of the Protective Order.
3
4         I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct.
6
7         Executed on _____, 20__ at
8  _____ (city), _____(state).
9
10
11
12                                          _____
                                                        Signature
13
14
...
28

-3-

SMRH:478303559.1                                            STIPULATION AND PROTECTIVE ORDER