UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENTERPRISE DRILLING FLUIDS, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-000688 - JLT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF JUDGMENT<br><br>(Doc. 72) |

On August 26, 2016, the Court determined DrilTek was not plaintiff's joint employer. (Doc. 65) A few days later, the plaintiff filed his notice of appeal despite that the Court had not entered judgment. (Doc. 67) After being informed by DrilTek's counsel of the lack of a judgment, the plaintiff filed an application requesting the Court enter judgment. (Doc. 72) DrilTek opposes the request. (Doc. 78) Because the Court finds there are just reasons to delay entering judgment, the Court **DENIES** the plaintiff's application.

I.  **Background**

Mr. Willis was employed, indisputably, by Enterprise Drilling Fluids to act as a "mud engineer"—as known as a "mud man." His work occurred on at least one drilling site where DrilTek contracted with the well owner (the well "operator") to conduct drilling activities. DrilTek provided the "Well Site Coordinator," who was commonly referred to as the "Company Man," and who had supervisory authority over the entire drilling operation.

1

While acting as the mud man, Mr. Willis was required to collect samples from the "mud tank" for testing. The results of these tests determined what and whether drilling fluids should be added to the drilling operation. Mr. Willis alleges he was obligated to work for many days in a row at the drill site and to sleep in a trailer Enterprise provided at the site. He asserts that he was required to provide mud sampling and testing at regular intervals but could also be required to do this work at any time because the drilling operation ran around the clock. He claims he was fully relieved of duty only when the replacement mud man arrived and took Willis' place on the site during which Mr. Willis had days or weeks off.

Based upon the Company Man's role at the drilling site, Mr. Willis claims in this litigation that Enterprise *and* DrilTek were his joint employers. Thus, he asserts that they both committed wage and hour violations, including failure to properly pay overtime and failure to provide rest and meal breaks, for example, based upon the exact same conduct. As noted above, the Court found that DrilTek demonstrated that it was not Willis' joint employer and Willis failed to demonstrate that there existed a genuine dispute of material fact on this topic.

**I.     Rule 54(b) certification**

Federal Rules of Civil Procedure 54(b) provides,

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Plaintiff's application for entry of judgment reads,

> Plaintiff would like to appeal the decision in favor of DrilTek, Inc., and believes there is no just reason for delay, and therefore requests that Judgment be entered in accordance with the Court's ruling in favor of DrilTek, Inc. so that Plaintiff can appeal said judgment. A copy of the proposed judgment is being lodged herewith.

(Doc 72) Thus, Plaintiff offers no explanation as to why he believes "there is no just reason for delay." However, DrilTek argues there are just reasons to delay.

DrilTek argues that allowing the case to proceed against Enterprise "could render Willis' claims

against DrilTek moot on appeal." (Doc. 78 at 3) DrilTek argues that the plaintiff asserts the same wage and hour violations against both of these entities.[1]  Id. at 4, 5.  DrilTek argues that if the plaintiff does not succeed in demonstrating a violation as to Enterprise, he cannot succeed against DrilTek.  Id. at 4.  Also, DrilTek argues that if the matter is stayed against Enterprise while the plaintiff pursues an appeal, "this would needlessly delay a determination on the underlying, substantive claims and likely lead to additional appeals in this matter that would have to be decided in a piecemeal fashion."  Id.

The Court agrees that resolution of the joint employer issue on appeal will not advance the litigation in any fashion.  Rather, all of the liability questions remain unresolved. On the other hand, delaying appeal on the joint employment issue until there is a final determination as to liability, does not impact the appealability of the joint employer issue in the future and, instead, would eliminate the risk of piecemeal appeals.  Moreover, as pointed out by DrilTek, because plaintiff relies upon the same conduct to demonstrate the wage and hour violations, if the plaintiff does not succeed on the liability questions as to Enterprise, the questions whether DrilTek is a joint employer would be rendered moot.

Given this, entering judgment at this time would not serve to preserve judicial resources and would not advance the litigation.  If judgment is not entered now, there would be no injurious impact on the plaintiff's appellate rights related to the joint employer question and depending upon the course of this litigation, this could moot the need for the appeal at all.  Thus, the Court finds just reasons for delay of the entry of judgment.  Consequently, the plaintiff's application for entry of judgment in favor of DrilTek is **DENIED**.

IT IS SO ORDERED.

Dated:     **November 18, 2016**                    /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The only difference is that the plaintiff also claims that Enterprise retaliated against him when he "asserted his rights." (Doc. 33 at 20)